1
2
3
4
5
6        **IN THE UNITED STATES DISTRICT COURT**

7        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    Willie D. Randle,                            )      No. CV 1-08-00845-JAT
                                                  )
10              Plaintiff,                         )      **ORDER**
                                                  )
11   vs.                                           )
                                                  )
12   Correctional Officer L.V. Franklin, et al.,)
                                                  )
13              Defendants.                        )
                                                  )
14   _____)

15            This case was reassigned to the undersigned judge on November 25, 2008. (Doc.#

16   6.)[1] Plaintiff Willie D. Randle, who is confined in the Kern Valley State Prison (KVSP), in

17   Delano, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.

18   (Doc.# 1.) The Court will order Defendants Franklin, Nicholas, Control Officer Philips, and

19   Sergeant Philips to answer Plaintiff's constitutional claims of excessive force and failure to

20   protect and his state law claims for assault and battery contained in the Complaint and will

21   dismiss the remaining claims and Defendants without prejudice.

22   **I.      Statutory Screening of Prisoner Complaints**

23            The Court is required to screen complaints brought by prisoners seeking relief against

24   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26

27   _____

28            [1]  "Doc.#" refers to the docket number of filings in this case.

JDDL

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    Complaint

Plaintiff alleges state and federal claims in his Complaint for excessive force, denial of medical care, deprivation of property, and retaliation. Plaintiff sues KVSP Corrections Officers Franklin and Nicolas and Control Officer Philips. He also sues KVSP Correctional Sergeants Williams, Juarez, and Philips. Finally, Plaintiff sues KVSP Chief Deputy Warden Castro. Plaintiff seeks declaratory, compensatory, and punitive relief.

Plaintiff alleges the following facts in his Complaint: The evening of October 29, 2007, Officer Franklin was locking tray slot doors, when Plaintiff asked Franklin when inmates would receive sheets. Franklin told Plaintiff that he would have to "deal" with the second watch. (Doc.# 1 at 6.) Plaintiff yelled further questions to Franklin in an attempt to obtain bedding, which angered Franklin. Franklin left and returned a few minutes later with Officer Nicolas. Franklin ordered Control Officer Philips to open Plaintiff's cell door and ordered Plaintiff to turn around to be cuffed. Plaintiff turned around and was cuffed by Franklin, who tightened the cuffs until they caused Plaintiff excruciating pain, slammed Plaintiff against the wall hard, and twisted Plaintiff's wrist causing more pain. Franklin then began kicking Plaintiff in the legs. Nicholas asked Franklin what he was doing and said "that's enough" but Franklin again twisted Plaintiff's wrist. Plaintiff asked Franklin and Control Officer Philips to call the sergeant and Philips called Sergeant Philips, who apparently never came to the scene. Franklin told Control Officer Philips to open the concrete yard door. Franklin then slammed Plaintiff's face into the wall, continued twisting his wrist, and kicking him in the legs. Nicholas again told Franklin that was enough. Franklin eventually stopped twisting Plaintiff's wrist and took him back to his cell. Control Officer Philips closed Plaintiff's cell door. Franklin opened the door tray to uncuff Plaintiff, but Plaintiff told Franklin he was going to report him for abuse, asked again to see the sergeant, and refused to be uncuffed. Franklin left Plaintiff cuffed for 15-20 minutes. When he

returned, he told Plaintiff's cell mate to cuff up for a cell search. Franklin and Nicholas took Plaintiff and his cell mate to a shower cell, where Franklin told Plaintiff that he was going to take Plaintiff's property. Plaintiff could hear items being thrown around in his cell and Franklin taunted Plaintiff about damaging his property. When Plaintiff was escorted back to his cell, he found his possessions tossed around, with some broken and others missing. Although Nicholas later told Plaintiff he would get his property back, Plaintiff did not receive back all of the property taken. Plaintiff's wrist was bruised, cut, and his hand swollen with loss of feeling. Although Plaintiff put in repeated requests to be seen by medical staff over the ensuing days, he was never taken to medical for treatment.

On October 30, 2007, Plaintiff filed a staff complaint about Franklin. Several days later, an unidentified inmate told Plaintiff that Franklin had told him that he (Franklin) would return all of Plaintiff's property and compensate him with money and a boom box if Plaintiff would withdraw his complaint. Plaintiff responded that Franklin would have to tell him in person and apologize. Franklin came to Plaintiff and they came to an oral agreement regarding compensation. On November 7, 2007, Plaintiff told Sergeant Philips about the incident and asked why he had not come when summoned by Control Officer Philips. Sergeant Philips responded that he had been too busy.

On December 15, 2007, Plaintiff was interviewed by Sergeant Williams and told Williams that he wanted to withdraw his complaint because Franklin had agreed to compensate him. Williams indicated in reports that Plaintiff had only submitted the complaint because he was "pissed [off]," which Plaintiff claims is untrue. Williams did not confirm that Franklin had agreed to compensate Plaintiff.

On December 18, 2007, Sergeant Juarez interviewed Plaintiff about Franklin. Plaintiff also told Juarez about the agreement with Franklin and Juarez told Plaintiff that if Franklin said he would do it, he would. Juarez agreed to speak to Franklin to make sure he followed through. When Plaintiff returned to his housing unit, Franklin gave him a "mean look." Plaintiff told Franklin that he had held up his end of the agreement, to which Franklin replied, "I got you." When Plaintiff subsequently asked Franklin again, he again told

Plaintiff "I got you," but Franklin did not follow through. Plaintiff continued with the grievance process.

**III.    Failure to State a Claim Under 42 U.S.C. § 1983**

A plaintiff may seek relief for violations of his federal constitutional rights under 42 U.S.C. § 1983. Because Plaintiff asserts violations of his federal constitutional rights in his Complaint, the Court addresses those claims under § 1983.

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.  Chief Deputy Warden Castro**

Plaintiff sues Chief Deputy Warden Castro. Although Castro may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff has not alleged that Castro enacted or enforced a policy, custom, or practice

that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that Castro directly violated his constitutional rights or that Castro was aware that Plaintiff's rights were being violated but failed to act. Plaintiff solely predicates liability against Castro on *respondeat superior*. Plaintiff therefore fails to state a claim against Castro in his Complaint.

**B.  Sergeants Williams and Juarez**

Plaintiff also sues Sergeants Williams and Juarez. He alleges that Williams failed to indicate in his report that Plaintiff withdrew his complaint against Franklin because Franklin had agreed to compensate Plaintiff and Williams failed to confirm that Franklin had agreed to compensate Plaintiff. Plaintiff alleges that Juarez told Plaintiff that Franklin would honor his oral agreement to compensate Plaintiff if Plaintiff withdrew his complaint and that Juarez agreed to speak to Franklin to make sure that he followed through on the agreement without doing so. Plaintiff's assertions against Defendants Williams and Juarez do not rise to the level of a constitutional violation. At most, Plaintiff alleges that they were negligent. Accordingly, these Defendants will be dismissed.

**C.  Medical Care**

Plaintiff alleges in part that he was denied constitutionally adequate medical care after Franklin used excessive force against him. To state a claim for denial of constitutionally adequate medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003). To allege a serious medical need, a plaintiff must set forth facts to support that the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)). A plaintiff must also allege facts to support that a defendant was deliberately indifferent to a serious medical need. "Deliberate indifference is a high legal standard."

Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394). Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that Franklin, Control Officer Philips, Nicolas, and Sergeant Philips failed to ensure that Plaintiff received adequate medical care following the alleged excessive use of force. (Doc.# 1 at 13.) Plaintiff fails to clearly allege facts to support that the failure or delay in receiving treatment for his injuries resulted in further significant injury or the unnecessary and wanton infliction of pain. Further, Plaintiff fails to set forth facts to support that Plaintiff requested medical care from any of them or that any of them intentionally delayed or prevented Plaintiff from receiving medical care. For these reasons, Plaintiff fails to state a claim for deliberate indifference to serious medical needs.

**D.    Retaliation**

Plaintiff also alleges claims for retaliation. To state a viable constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a

constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest"). An inmate may also state a constitutional violation where, for example, he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

Plaintiff fails to allege facts to support that any Defendant retaliated against Plaintiff for exercising a constitutional right or in retaliation for filing a grievance. Rather, Plaintiff alleges that excessive force was used against him, and his property taken or damaged, before he filed a grievance. Plaintiff therefore fails to state a constitutional claim for retaliation.

### E. Deprivation of Property

Plaintiff alleges that Franklin intentionally took or damaged Plaintiff's property incident to a cell search. Due process claims related to prisoner property commonly arise when property is taken or destroyed by random and unauthorized conduct of a prison official, without an opportunity for the State to provide meaningful procedural due process. Under Supreme Court doctrine in Parratt v. Taylor, 451 U.S. 527, 537 (1981), and Hudson v. Palmer, 468 U.S. 517, 530-36 (1984), neither intentional or negligent deprivations of property give rise to a due process claim so long as the State provides an adequate post-deprivation remedy. Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process clause. Thus, the availability of an adequate state post-deprivation remedy, such as a state tort action, for unauthorized deprivations precludes a claim for violation of due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for negligent or intentional, but unauthorized, deprivations of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges an intentional, unauthorized deprivation of property for which there is an adequate state law remedy. He therefore fails to state a claim for violation of due process.

## IV. Claims for Which an Answer Will be Required

Plaintiff adequately states a constitutional claim for excessive use of force by Franklin and failure to protect against Nicolas, Control Officer Philips, and Sergeant Philips. Plaintiff adequately states a state law claim for assault and battery against them. These Defendants will be required to respond to these claims.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Chavez, Williams, and Juarez and Plaintiff's claims, except to the extent stated in paragraph 2 below, are **dismissed** without prejudice.

(2)    Defendants Franklin, Nicolas, Control Officer Philips, and Sergeant Philips must answer Plaintiff's constitutional claims for excessive use of force and failure to protect and Plaintiff's state law claim for assault and battery.

(3)    The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 1), this Order, a Notice of Submission of Documents form, an instruction

sheet, and copies of summons and USM-285 forms for Defendants Franklin, Nicolas, Control Officer Philips, and Sergeant Philips.

(4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)     Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6)     **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See Fed. R. Civ. P. 41(b).

DATED this 16th day of April, 2009.

_____
James A. Teilborg
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the**
**United States District Court for the Eastern District of California**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)
_____
(Signature)


8.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.


9.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.


10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.


11.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

   1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.


   2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.


   3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.


**Part A.  JURISDICTION:**
   1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
        Print the relief you are seeking in the space provided.

**SIGNATURE:**
        You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


                                **FINAL NOTE**

        You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,
(Full Name of Plaintiff)                Plaintiff,

vs.

CASE NO. _____
(To be supplied by the Clerk)

(1)_____ ,
(Full Name of Defendant)

(2)_____ ,

(3)_____ ,

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

(4)_____ ,
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

## B. DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
                 (Position and Title)                                 (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
                 (Position and Title)                                 (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
                 (Position and Title)                                 (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
                 (Position and Title)                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? **_____**. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count I?                    ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?           ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____ .

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____ .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____ .

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____ .

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____ .

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                      DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.