# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie D. Randle, | No. CV 1-08-00845-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| L.V. Franklin, et al., | |
| Defendants. | |

Currently, two of the four Defendants have been served and answered: L. Phillips (Doc. #31) and L.V. Franklin (Doc. #24). Counsel for Defendants has provided, under seal, an address for Defendant B. Sather, and the Marshals are proceeding to attempt service. Counsel for Defendants has also avowed that despite her diligent efforts, she has been unable to obtain an address for Defendant J. Nicholas.

Based on the foregoing, the Court will set deadlines for discovery and dispositive motions in this case. Once Defendant B. Sather has been served and appears, counsel for Defendants shall provide B. Sather (or his counsel) with a copy of this Order. Defendant Sather is advised that he will be bound by the deadlines set herein unless he seeks and receives an extension of time.

With regard to Defendant J. Nicholas, the Court has done all it will do to attempt to obtain an address for J. Nicholas. The deadline for service has expired and Plaintiff has not

accomplished service. Therefore, the Court is inclined to dismiss Defendant J. Nicholas, without prejudice, for Plaintiff failure to timely serve.

Accordingly,

**IT IS ORDERED** that by **March 29, 2010**, Plaintiff shall show cause why Defendant J. Nicholas should not be dismissed, without prejudice, due to Plaintiff's failure to timely serve; to show cause Plaintiff must propose a course of action that would allow Plaintiff to obtain Defendant Nicholas' address.

**IT IS FURTHER ORDERED** that discovery shall proceed as follows:

**Deadlines:**

1. All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed, shall be made by **April 1, 2010.**[*]

2. Motions to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) are due by **April 30, 2010.**

3. Motions to amend the complaint are due by **April 1, 2010.**

4. If no motion to amend the complaint is filed, any motion to amend the answer(s) is due by **April 15, 2010.**

5. The party with the burden of proof on an issue shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules

---

[*] The December 1, 2000 amendments to Rule 26, Federal Rules of Civil Procedure exempt prisoner's civil rights cases, such as this one, from the requirements of discovery plans, disclosures, etc. However, as noted in the Advisory Committee Note to the 2000 Amendments to Rule 26, "[e]ven in a case excluded by subdivision (a)(1)(E) . . . the court can order exchange of similar information in managing the action under Rule 16."

The Court finds that continuing to require the parties to comply with the provisions of Rule 26(a) will benefit the parties to this action by allowing the early identification of factual, legal, and evidentiary issues, and providing a forum and impetus for frank discussion between the parties as to the relative strengths and weaknesses of their cases.

of Evidence 702, 703, 704, and 705 no later than **May 3, 2010**.[**] The responding party (not having the burden of proof on the issue) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, or 705 no later than **May 24, 2010**. The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **June 4, 2010**. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made. (The disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.)

6. Any motions to compel, motions for protective order, or any other motion relating to a discovery request or response are due by **July 2, 2010**. Any response to a discovery motion is due within 10 business days. No replies will be permitted. Due to this deadline, the parties must propound their last written discovery no later than 30 calendar days before this deadline.

7. The deadline for completing all discovery (including finally supplementing discovery) is **August 2, 2010**. The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not

---

[**] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

- 3 -

previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

8. The deadline for filing dispositive motions (other than unenumerated 12(b) motions) is **August 23, 2010**.

**Other admonitions:**

1. Regardless of any federal rule or local rule to the contrary, a copy of all discovery requests and responses thereto shall be filed (by filing a notice of filing with the entire document attached, not under seal, but with any confidential information redacted) with the Clerk of the Court to aid this Court's access to the documents (the failure to comply with this portion of this Order shall not affect the obligation of the party receiving the request to timely respond; however, if a party later disputes the receipt of a request or a response, the failure to file it with the Court will be deemed proof that such document was never sent).

2. Regardless of any federal rule or local rule to the contrary, the parties are not required to meet and confer before filing a discovery motion.

3. Responses to written discovery shall be due 25 days after the request is first served.

4. Pursuant to Federal Rule of Civil Procedure 30(a), Defendants may depose Plaintiff and any other witness confined in a prison upon condition that at least 14 days before any such deposition, Defendants must serve Plaintiff with the notice required by Federal Rule of Civil Procedure 30(b)(1).

5. The Court will set a deadline for filing motions in limine and other deadlines related to filing the final pretrial order after either the dispositive motion deadline passes without the filing of any motion, or after the Court rules on any dispositive motions.

6. The filing of any motions listed above does NOT stay any other deadline set in this Order and the parties are expected to continue with discovery and motion practice while any motion is pending with the Court.

7. Due to the age of this case, the parties should not anticipate, expect or rely to their detriment on any extensions of these deadlines being granted. Further if a motion to extend any deadline set herein is filed, the parties MUST explain in detail what efforts were taken to meet the deadline.

8. Each party shall file **no more than one motion for summary judgment**.

DATED this 25th day of February, 2010.

James A. Teilborg
United States District Judge