1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Willie D. Randle,                    )    No. CV 1-08-00845-JAT
                                         )
10              Plaintiff,               )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    L. V. Franklin, et al.,              )
13                                       )
                Defendant.               )
14                                       )
                                         )
15  ─────────────────────────────────

16          Pending before the Court is Plaintiff Willie D. Randle's Motion for an Order

17  Compelling Discovery.  (Doc. 53).  For the following reasons, the Court grants the Motion.

18  **I. Factual Background**

19          This case was reassigned to the undersigned judge on November 25, 2008.  (Doc. 8

20  at 1).  Plaintiff Willie D. Randle, who is confined in the Kern Valley State Prison ("KVSP"),

21  in Delano, California, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.

22  (*Id.*).  After screening Plaintiff's Complaint, this Court ordered four Defendants, Franklin,

23  Nicholas, Philips and Sather, to answer Plaintiff's constitutional claims of excessive force

24  and failure to protect and his state law claims of assault and battery stemming from an

25  incident that occurred on October 29, 2007.  (*Id.*).

26          Plaintiff initially requested discovery of "[a]ny and all memoranda, polic[i]es,

27  procedures, regulations, instru[c]tions, notes, internal communication, Kern Valley State

28  Prison "B" facility 4 building log book (control and floor) concerning October 29, 2007. . .

that establishes all duties and responsibilities, and all daily activity." (Doc. 53 at Exhibit C, p. 4). Defendant denied this discovery request on the grounds that it was overbroad, vague, compound, assumed facts not in evidence or not yet established, not relevant to a stated claim, and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*). Defendant also denied the discovery request because "it seeks confidential information and documents that cannot be disclosed to inmates due to safety and security concerns." (*Id.* at Exhibit C, p. 5).

Plaintiff next requested to view "a copy of "B" facility 4 building control and floor log book pages 'Only' regarding the activities of 10-29-07 third watch" on May 7, 2010 through an Inmate Request for Interview form. (*Id.* at Exhibit A) (emphasis in original). Litigation Coordinator W. R. Adams denied this request because the requested document "contain[ed] information regarding staff and other inmates that is otherwise confidential to you." (*Id.*). On May 19, 2010, Plaintiff wrote Defendants' counsel with a similar request, saying, "I only want the log book pages of 10-29-07 from Kern Valley State Prison "B" facility 4 building, both floor and control log book, [a]nd factual statements in prison records relating to the investigation of my claim of the staff complaint against the Defendants, on 10-29-07 . . . [a]s these pertain to [illegible] my claim of proof." (*Id.* at Exhibit B) (ellipses in original).

On July 7, 2010, Plaintiff moved the Court to compel discovery of the following information: "Kern Valley State Prison Facility "B" building 4 floor control log book pages of 10-29-07, as pertain[s] to the essential[s] of this case." (*Id.* at 1). Defendants filed a response on July 19. (Doc. 54)

**II.   Legal Standard**

Upon a showing of good cause, parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence," even if the information is not admissible at trial. *Id.* "The question of relevancy should be construed liberally and with common sense and

discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F. R. D. 603, 610 (N.D. Cal. 1995). The party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b). A party may move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 34(b). A court may compel discovery upon a showing of good cause. Fed. R. Civ. P. 26(b)(1).

## III.   Burden of Proof

"Under the liberal discovery principles of the Federal Rules defendants [are] required to carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Ibanez v. Miller*, 2009 WL 3481679 (E.D. Cal. 2009) ("defendants failed to satisfy *their* burden of showing why [their objections to discovery] should be sustained") (emphasis original). The defendant must "clarify[], explain[], and support[] its objections." *El-Shaddai v. Wheeler*, 2009 WL 301824 (E.D. Cal. 2009) (unreported) (citing *Blankenship*, 519 F.2d at 429). Additionally, courts do not hold *pro se* litigants to the same standards as attorneys. *Walker v. Karela*, 2009 WL 3075575, *1 (E.D. Cal. 2009).

Courts in the Eastern District of California have required, "at a minimum, as the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker*, 2009 WL 3075575, *1 (numbering of requirements added); *Brooks v. Alameida*, 2009 WL 331358, *2 (E.D. Cal. 2009).

These requirements, however, cannot be read as shifting the burden to the plaintiff to prove his motion to compel discovery because this would contravene Rule 26(b)(1) and Ninth Circuit precedent. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter [even if the discovery is not]

admissible at trial"); *Blankenship*, 519 F.2d at 429 ("defendants [are] required to carry a heavy burden of showing why discovery was denied").  Rather, these requirements simply reiterate the "good cause" standard found in Fed. R. Civ. P. 26(b)(1).  In other words, these requirements ensure that the discovery sought is not totally irrelevant and that each party knows which pieces of discovery are disputed and why.  Indeed, the Eastern District often applies these requirements in cases where a plaintiff makes a blanket motion to compel without specifying which documents he seeks, which of defendants' objections he disagrees with, and without any regard to whether the requested documents even exist, much less if they are relevant.  *See, e.g.*, *Williams v. Flint*, 2007 WL 2274520, *1 (E.D. Cal. 2007).

*Williams* is an indicative example of how the Eastern District applies its minimum requirements for a motion to compel discovery.  2007 WL 2274520.  In that case, the plaintiff argued that defendant "responded [to his discovery requests] with defective replies which are evasive and/or incomplete disclosures, answers, or responses . . . ."  *Id.* at *1.  However, the court noted that the plaintiff made no specific responses to any of defendant's objections to discovery; instead the plaintiff only "generally argue[d] that the responses [were] vague and inadequate."  *Id.* at *2.  Therefore, the court denied the motion to compel discovery.  *Id.* at *3; *see also Walker*, 2009 WL 3075575 at *1 (motion to compel denied because plaintiff made no specific arguments as to why defendant's response was inadequate and because plaintiff moved to compel discovery of documents that plaintiff had not yet requested from defendant).

### III.   Analysis

In this case, Plaintiff has requested pages from the KVSP Facility, Building B, 4th floor control log book.  (Doc. 53 at 1).  Plaintiff has limited this request to the date of October 29, 2007 and to "just factual documentation of statement[s] that pertain to this case only.  (*Id.* at 2).[1]  This is sufficient to establish good cause.  Defendants objected, and

---

[1]Although Plaintiff originally requested the whole log book, (Doc. 53 at Exhibit C, p. 4), Plaintiff later requested only the pages from October 29, 2007 as they pertained to him.

1   continue to object, on the basis that this document is confidential to inmates in part because

2   inmate access to this document would represent a security threat.  (Doc. 54 at 4).  The Court

3   finds that, although Defendants may need to redact portions of the document, Defendants

4   have not met their burden of proving that discovery of this document is inappropriate.

5        Maintaining confidentiality of prison employees and ensuring prison safety are both

6   sufficient reasons for refusing a discovery request.  *See Ibanez*, 2009 WL 3481679, *3 (E.D.

7   Cal. 2009) ("it appears probable that release of the information would [] compromise tactical

8   responses to disturbances"); *Adams v. Epps*, 2008 WL 5272062, *1 (S.D. Miss. 2008)

9   (unreported) (noting potential security concerns associated with allowing an inmate access

10  to a prison security videotape); *Norman v. Wrolstad*, 2007 WL 2729073, *2 (D. N.D. 2007)

11  (unreported) (refusing to disclose a prisoner's identity for safety concerns).  However, the

12  Defendant has the burden of showing that confidentiality and safety concerns override the

13  liberal discovery procedures outlined in Fed. R. Civ. P. 26.  *See Blankenship*, 519 F.2d at

14  429; *Soto*, 162 F. R. D. at 610.

15       *Ibanez* is instructive on the issue of compelling discovery of prison records.  2009 WL

16  3481679.  In *Ibanez*, an inmate suing under § 1983 sought discovery of "any and all policies,

17  directives, or instructions to staff on how to respond to an alarm on the yard in a general

18  population setting." *Id.* at *1.  Defendant objected to the discovery of this information

19  because it was vague, overbroad and irrelevant. *Id.*  Instead, defendant disclosed a privilege

20  log, but never asserted the reasons for the privilege. *Id.*  The trial court found that defendant

21  had not met his burden of showing that this discovery was privileged and ordered the

22  discovery. *Id.*  Defendant then moved the court to reconsider, arguing that disclosing these

23  policies to a prisoner would jeopardize institutional security. *Id.*  Defendant submitted the

24  affidavit of an Associate Warden to substantiate this argument. *Id.* at *3.  Additionally, the

25  trial court reviewed the discovery *in camera*. *Id.*  Based on the Warden's affidavit and the

26  court's *in camera* review, the court found discovery of these prison policies "could endanger

27  ────────────

28  (*Id.* at Exhibit A, Exhibit B).  Plaintiff's Motion to Compel concerns only these pages. *Id.*

1   prison staff and compromise tactical responses to prison alarms." *Id.*

2   Here, as an initial matter, Plaintiff has satisfied the Eastern District of California's

3   minimum requirements for a motion to compel. *See Walker*, 2009 WL 3075575 at *1.

4   Plaintiff has clearly identified which discovery request is subject to his motion to compel,

5   attaching as Exhibits his multiple requests for the document.  (Doc. 53 at Exhibit A-C).

6   Defendant has only one remaining objection to this request (Doc. 54 at 4), so there can be

7   no confusion as to which objection Plaintiff is challenging.   Plaintiff believes that

8   Defendant's response is deficient and unjustified because he seeks information from the day

9   of the incident between him and two of the named Defendants, and he seeks only information

10  pertaining to him (Doc. 53 at 2).  This is distinguishable from *Ibanez* where the court denied

11  a request for "any and all policies . . . on how to respond to an alarm on the yard."  2009 WL

12  3481679 at *1.  Plaintiff here is also much more specific than the plaintiff in *Williams* who

13  merely raised general disagreements with that defendant's objections to discovery.  *See*

14  *Williams*, 2007 WL 2274520 at *1.  Finally, the relevance of this document can hardly be

15  questioned.  It would reveal the Defendants' contemporaneous statements related to the

16  October 29th incident.  Thus, Plaintiff has met his initial burden of showing good cause and

17  Defendant now has the burden of proving that confidentiality and safety concerns weigh

18  against granting Plaintiff's discovery request.  *See Blankenship*, 519 F.2d at 429.

19  Defendant asserts that the log book cannot be disclosed to Plaintiff because inmate

20  access to such information would provide inmates the opportunity to devise tactics to harm

21  staff or circumvent prison policies.  (Doc. 54 at 4).  However, unlike *Ibanez*, Defendant has

22  not supported this assertion with an affidavit or any other evidence.  *See Ibanez*, 2009 WL

23  3481679 at *3.  Nor has Defendant provided the Court with any authority suggesting

24  discovery requests for prison log books should be *per se* denied.  *See contra In re Olson*, 37

25  Cal. App. 3d 783 (1974) (finding inmate's prison files are not absolutely privileged under

26  any statute or public policy).  Additionally, Plaintiff seeks only one day of a log book, and

27  only information pertaining to him.  (Doc. 53 at 1).  This is distinguishable from *Ibanez*,

28  where the plaintiff requested "any and all policies . . . on how to respond to an alarm on the

yard." *Ibanez*, 2009 WL 3481679 at *1.  While the information sought in *Ibanez* could have easily revealed and "compromise[d] tactical responses to disturbances," *Ibanez*, 2009 WL 3481679 at *3, the information sought here concerns only a single response to an incident involving a single person and is therefore unlikely to reveal broad security operations. However, Defendant may redact the contents of the document that are so broad and generalized that revealing such contents would compromise prison security's tactical response to disturbances.  Defendant may also redact portions of the document referring to people not parties in this suit.

Defendant also objects to Plaintiff's failure to include a Memorandum of Points and Authorities with his Motion to Compel. (Doc. 54 at 2).  Plaintiff's arguments are instead contained within his Motion to Compel. (Doc. 53).  The Court finds no significance in this fact, especially where Defendant holds the burden of proof. *See Blankenship*, 519 F.2d at 429. Additionally, Plaintiff is a *pro se* litigant who is not held to the same standard as an attorney. *See Walker*, 2009 WL 3075575 at *1.  The Court will not deny Plaintiff's motion merely for failing to file a separate Memorandum of Points and Authorities.

Finally, Defendant argues that Plaintiff impermissibly moved to compel discovery against some of the Defendants. (Doc. 54 at 4-5).  Defendant Nicholas has not yet filed a responsive pleading and Defendant Sather did not receive the initial discovery request. (*Id.*). However, the Motion to Compel is appropriate at least as to Defendants Franklin and Philips. Thus, the Motion will be granted as to these two Defendants.

**IV.    Conclusion**

The Court therefore grants Plaintiff's Motion to Compel Discovery of KVSP Facility, Building B, 4th floor control log book.  This discovery is limited to the pages for October 29, 2007.  The Defendant is permitted to redact this document to remove references to parties not involved in this lawsuit and broad, generalized contents that, if revealed, would compromise prison security's tactical response to disturbances.

Accordingly

**IT IS ORDERED** that Plaintiff's motion to compel (Doc. 53) is granted to the extent

that Defendants shall produce Kern Valley State Prison Facility, Building B, 4th floor control log book entries for October 29, 2007, as redacted in accordance with this Order, to Plaintiff within 14 days of the date of this Order.

DATED this 3rd day of August, 2010.

James A. Teilborg
United States District Judge