# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie D. Randle, | No. CV 1-08-00845-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| L.V. Franklin, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to appoint counsel (Doc. 63).

The district court may appoint pro bono counsel for an indigent *pro se* litigant in a civil [action] pursuant to 28 U.S.C. § 1915(e)(1) in cases presenting exceptional circumstances. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981). "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court,* 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir.1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991); *Burns v. County of King,* 883 F.2d 819, 823 (9th Cir.1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).

*Rayford v. Giurbino*, 2008 WL 4997607 (S. D. Cal. 2008).

In this case, Plaintiff seeks to have counsel appointed because he does not have money to pay for counsel, there are multiple issues in this case, there are multiple defendants in the case, due to his incarceration, Plaintiff has "limited" access to legal materials, and because Plaintiff has demanded a jury trial. Doc. 63. Preliminarily, the Court notes that the undersigned, at the request of the Court of Appeals, is sitting as a visiting Judge in California in this case. Because the undersigned does not normally preside in California, the Court has limited contacts with counsel in California that the Court could "request" undertake this representation. Obviously, this fact does not relieve this Court of its obligation to apply the law, but highlights the difficulty in requiring the Court to affirmatively locate counsel for a party.

The fact that Plaintiff is indigent and has limited access to library materials is the same in many inmate cases and does not rise to the level of extraordinary circumstances. Whether Plaintiff's case has merit is a particularly difficult inquiry in a case like this one wherein the Defendants did not move for summary judgment. Thus, the Court must assess any potential merit from the untested allegations of the amended complaint.

Plaintiff claims both excessive force and failure to protect. Doc. 23. The Court finds these allegations are sufficient to make the complaint non-frivolous, but not significantly more meritorious than any other excessive force complaints.[1] Next, the Court must consider Plaintiff's ability to articulate his claims pro se. The Court has reviewed the amended complaint, the motion to compel discovery and the motion to appoint counsel and finds Plaintiff is quite capable of articulating his claims excessive force and failure to protect theories pro se. Thus, although trial presents additional complexities, the Court finds Plaintiff is capable of presenting his own case.

Therefore, **IT IS ORDERED** that the motion to appoint counsel (Doc. 63) is denied.

---

[1] In other cases, this Court has found that surviving summary judgment and going to trial shows that a particular prisoner complaint has more merit than the average prisoner complaint. However, because no motion to dismiss nor motion for summary judgment was filed in this case, the fact that this case is going to trial does not weigh the same as it has in other cases.

- 2 -

**IT IS FURTHER ORDERED** that, because Plaintiff may not have been working on his case in anticipation of being appointed counsel, the deadlines in this case are extended as follows:

Plaintiff's motions in limine are due by October 12, 2010,

Plaintiff's responses to Defendants' motions in limine remain due October 20, 2010,

Defendants' responses to Plaintiff's motions in limine are due November 2, 2010,

All joint pretrial documents are due by November 15, 2010,

The final pretrial conference is continued from November 8, 2010 to Monday, December 13, 2010 at 11:00 a.m. Arizona time (10:00 a.m. California time),

In proposing trial dates, the parties shall advise the Court whether they can begin trial March 1, March 8, March 15, or March 22 of 2011.

DATED this 23rd day of September, 2010.

James A. Teilborg
United States District Judge