IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie D. Randle,<br><br>    Plaintiff,<br><br>vs.<br><br>L. V. Franklin et al.,<br><br>    Defendants. | No. CV-08-00845-JAT<br><br>**ORDER** |

    Plaintiff Willie D. Randle initially filed a Motion to Reopen Discovery for Limited Purpose (Doc. # 83) prior to the Final Pretrial Conference conducted on December 13, 2010. Plaintiff seeks documents purportedly created by prison officials following an interview with Plaintiff's cellmate, David Hill, regarding the October 29, 2007 incident giving rise to Plaintiff's allegations of excessive force against Defendant L. V. Franklin. During the conference, the Court considered Plaintiff's motion, and directed Defendants to review Plaintiff's motion to determine if Plaintiff had requested the documents in a timely manner (*i.e.*, before the close of discovery on August 2, 2010). Over two months later, Plaintiff renewed his request (Doc. # 96) for an order reopening discovery in order to obtain the documents related to an interview with Mr. Hill. Pursuant to the Court's Order (Doc. # 97), Defendants responded to Plaintiff's pending motion (Doc. # 99).

    Rule 34 of the Federal Rules of Civil Procedure governs the production of documents

1    and tangible things in civil discovery.  FED.R.CIV.P. 34.  Rule 34(a) permits a party to serve
2    on any other party a request for the production of documents or things within that party's
3    "possession, custody or control." FED.R.CIV.P. 34(a). With regard to non-parties, Rule 34(c)
4    contemplates that they may be required to produce documents through the use of a subpoena
5    issued under Rule 45.  Plaintiff does not seek to compel discovery pursuant to a timely
6    subpoena *duces tecum* served on a non-party.

7    Based on the Declaration of Ellen Hung, Deputy Attorney General, Defendants'
8    counsel and the Kern Valley State Prison litigation office and appeals coordinator inquired
9    into the existence of documents regarding an interview with Mr. Hill, and no such
10   documentation was found.  Additionally, Defendants' counsel met with Mr. Hill in person,
11   and determined that Defendants do not have in their possession, custody or control any
12   document regarding an interview, and there is no evidence than any such documentation is
13   ever in existence.  Accordingly, even if Plaintiff's request for discovery was timely, which
14   it was not, Defendants were not in possession, custody or control of documents relating to
15   an interview with Mr. Hill.  Defendants cannot be ordered to produce a document that is not
16   in their possession, custody or control (and does not appear to exist).  FED.R.CIV.P. 34(a);
17   *see United States v. Int'l Union of Petroleum Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452
18   (9th Cir. 1989).

19   With regard to copies of "Confidential Inquiry" documentation in Plaintiff's appeal
20   log, Defendants were not in possession, custody or control of such documentation before the
21   close of discovery on August 2, 2010, because Defendants, who are individual correctional
22   staff, have no authority to review an inmate's central file without permission.  The ability to
23   obtain a copy of the documents does not constitute "control" for purposes of production
24   under Rule 34(a).  *E.g.*, *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998);
25   *Skinner v. Ryan*, Slip Op. 2010 WL 4602936, at *1 (D. Ariz. Nov. 5, 2010).  If these records
26   could be obtained by Plaintiff, then it would be through a timely request for a subpoena *duces*
27   *tecum* and court order prior to the expiration of discovery.  This did not occur, and any
28   pending or future requests, motions or subpoenas seeking this information are untimely.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery for Limited Purpose (Doc. # 96) is **DENIED**.

DATED this 15th day of March, 2011.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge