**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Willie D. Randle, | ) | No. CV 08-0845-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| L. V. Franklin et al., | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Plaintiff's Motion for New Trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure (Dkt. 120). Defendants filed an Opposition to Plaintiff's Motion for New Trial. (Dkt. 122.) The Ninth Circuit Court of Appeals is holding its proceedings in abeyance pending the resolution of this motion. (Dkt. 127.)

**I.   BACKGROUND**

As set forth in the First Amended Complaint, this case involved a civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleged that on October 29, 2007, when Plaintiff was imprisoned in Kern Valley State Prison, Defendant Correctional Officer Franklin used excessive force on Plaintiff, and committed the state torts of battery and assault against Plaintiff. (Dkt. 81.) Plaintiff alleged that Defendants Correctional Officers Nichols and Phillips, and Sergeant Sather failed to protect him from Defendant Franklin. (*Id.*)

Defendants denied any wrongdoing. (*Id.*)

On March 22, 2011, the trial of this matter commenced. (Dkt. 111.) On March 23, 2011, the Court granted Defendants' motion for judgment as a matter of law on Plaintiff's claim against Defendant Sather and Plaintiff's claim for assault against Defendant Franklin. Thereafter, on March 23, 2011, the jury returned a general verdict in favor of all Defendants. (Dkt. 116, 117 & 119.)

## II.  LEGAL STANDARD

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure provides that after a jury trial, a court may grant a new trial on all or some of the issues, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A).

It is well established that "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2803 (1995) (footnotes omitted). A new trial may be granted, "even though the verdict is supported by substantial evidence, if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988)). "However, a district court may not grant a new trial simply because it would have arrived at a different verdict." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

## III.  ANALYSIS

Plaintiff claims that due to errors in the discovery process and during the trial, the Court should grant Plaintiff's request for a new trial. However, none of the grounds set forth in Plaintiff's motion merits the granting of a new trial.

### A.  Discovery Requests

Plaintiff's first argument in support of his motion is that Defendants failed to disclose

documents relating to "the investigation final report."  Plaintiff repeatedly requested the Court reopen discovery for the purpose of obtaining these documents.  (Dkt. 83, 96 &110.)  Following Plaintiff's request during the final pretrial conference, the Court ordered Defendants to review Plaintiff's motion (Dkt. 83), and if the request was timely and if the documents were capable of production, Defendants were directed to produce the documents.  (Dkt. 84.)  Defendants' counsel made sufficient inquiries into the existence and location of these documents, but ultimately determined that no such materials were in Defendants' possession.  (Dkt. 99.)  Regardless of the existence of such documents, the Court concluded that Plaintiff's request occurred after the close of discovery and was time-barred.  (Dkt. 100.)  The Court also concluded that Defendants could not be ordered to produce documents that were not in their possession, custody or control.  (*Id.*) (citing Fed.R.Civ.P. 34(a)).

Accordingly, Defendants' failure (or inability) to produce documents that were not in their possession and were not requested in a timely manner is not grounds for granting a new trial.

Plaintiff also argues that because Plaintiff did not receive a copy of Defendants' trial brief (Dkt. 109) until after the trial concluded, Plaintiff could not effectively examine Defendants during the trial.  The trial brief was not a filing required by the Court.  The Court did not consider the trial brief in connection with this action, the trial brief was not admitted into evidence, and the jury was not informed of its existence.  Further, Plaintiff would not have been able to use the trial brief to impeach Defendants, because the trial brief contained the argument of counsel, not the statements of Defendants.  Therefore, the Court does not find that Plaintiff's late receipt of this unsolicited, non-binding filing resulted in a miscarriage of justice.

**B.   Juror Bias**

Plaintiff argues that a new trial is warranted because one of the jurors, Juror No. 7, was biased and should have been excused from jury service.  The Court disagrees, and finds that Plaintiff's allegations of juror bias are unfounded.

A prospective juror's ability to "lay aside his impression or opinion and render a

1 verdict based on the evidence presented in court" is crucial. *Hayes v. Ayers*, 632 F.3d 500,
2 511 (9th Cir. 2011) (quoting *Irving v. Dowd*, 366 U.S. 717, 723 (1961)). A finding of juror
3 bias is "based upon determinations of demeanor and credibility that are peculiarly within a
4 trial judge's province." *Wainwright v. Witt*, 469 U.S. 412, 428 (1985).

5 During voir dire, Juror No. 7 informed the Court that she had several family members
6 who worked for the California Department of Corrections and Rehabilitation, and that her
7 father had been incarcerated. Juror No. 7's response elicited further questions, and she
8 informed the Court that her experiences would not affect her impartiality. The Court did not
9 excuse Plaintiff from jury service.[1] After voir dire concluded, the Courtroom Deputy Clerk
10 (the "Clerk"), outside the presence of the Court and jury, permitted the parties to each
11 exercise three peremptory strikes. Plaintiff struck three potential jurors. Plaintiff did not
12 strike Juror No. 7. Defendants exercised one peremptory strike. Based on these strikes, a
13 jury of eight was selected from the 14 prospective jurors that were seated in the jury box.
14 Contrary to Plaintiff's claim that he was not permitted to strike Juror No. 7 for cause,
15 Plaintiff had the opportunity to do so, but did not exercise it. The Court will not grant
16 Plaintiff's motion for a new trial on this ground.

17 Plaintiff next argues that Juror No. 7 made an effort to nod at the Defendants' table
18 during the trial. Plaintiff brought this perceived head-nod to the Court's attention outside the
19 presence of the jury. The Court considered Plaintiff's concern of the potential bias, and
20 discussed the matter with the parties. Defendants and their counsel denied noticing the head-
21 nod. Plaintiff did not allege that any words were exchanged between Juror No. 7 and the
22 parties, or that Defendants reciprocated the gesture in any manner. The Court found that
23 Juror No. 7 had not violated the admonition given to the jurors, and denied Plaintiff's request
24 to question or excuse the juror.

25 The Court does not find there was prejudicial error in the section and actions of Juror

---

[1] Earlier in voir dire, a potential juror seated in the jury box stated that, due to her prison-letter-writing campaign, she felt that she could not be impartial. The Court excused her from jury service.

- 4 -

No. 7. Therefore, a new trial is not warranted based on Plaintiff's allegation of juror bias.

### C. Jury Selection

Plaintiff also takes issue with the strike-and-replace method of jury selection employed by the Court. The Court informed the parties during the final pretrial conference that the strike-and-replace method would be used during voir dire, and neither party expressed any objections to or concerns about this method. (Dkt. 84.) The Court has broad discretion in deciding how to conduct voir dire. *Mu'Min v. Virginia*, 500 U.S. 415, 423 (1991).

During jury selection, the Clerk seated 14 prospective jurors in the jury box, and the strike-and-replace method was used to maintain that number of prospective jurors in the jury box at all times during voir dire. After voir dire concluded and the parties exercised their peremptory strikes, the Clerk seated the 14 prospective jurors in the gallery with the rest of the pool, and then called eight individuals, who had been selected from the 14 prospective jurors, to return to the jury box and be empaneled.

Plaintiff takes issue with the Court filling any of the 14 empty seats in the jury box with the prospective jurors seated in the gallery. According to Plaintiff, prospective jurors already seated in the jury box should have filled seats vacated by other prospective jurors also seated in the jury box. Plaintiff's proposed method of jury selection is mathematically faulty. In order to have a jury of eight individuals, the parties would not be able to exercise their six peremptory strikes, if there were less than 14 prospective jurors in the jury box. Accordingly, the Clerk did not err in the jury selection process, and the use of the strike-and-replace method does not constitute grounds for granting a new trial.

### D. Weight of the Evidence

Finally, Plaintiff asks the Court to grant a new trial, because the jury's verdict was against the clear weight of the evidence. The Ninth Circuit has provided the following guidance for ruling on such a motion:

> [A] decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the

- 5 -

> matter. . . . If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987) (quoting Wright & Miller, *supra*, § 2806).

Having considered the evidence presented at trial, the Court does not conclude that a new trial is warranted. Plaintiff and Defendants had different accounts of the events that transpired on October 29, 2007, and the evidence was subject to interpretation. The parties disagreed as to whether the force used upon Plaintiff was reasonable or excessive, and whether Plaintiff suffered any injuries. The jury was required to make credibility and factual determinations, which it did. After deliberating, the jury concluded that Defendant Franklin did not use excessive force or commit battery against Plaintiff.

The issue here is not whether the Court would have reached a different conclusion, but whether the Court is left with a definite and firm conviction that a mistake has been committed. In light of the respect that must be afforded the collective wisdom of the jury, the Court does not conclude that such a mistake occurred in this case. Therefore, the Court does not find that a new trial should be ordered, because the jury's verdict was not against the weight of the evidence.

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial (Dkt. 120) is **DENIED**.

DATED this 25th day of May, 2011.

_____
James A. Teilborg
United States District Judge