IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie D. Randle,<br><br>          Plaintiff,<br><br>vs.<br><br>L. V. Franklin et al.,<br><br>          Defendants. | No. CV-08-00845-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff/Appellant Willie D. Randle's Motion For Renewed Request of Transfer of Full Record on Appeal. (Dkt. 137).

**I.    BACKGROUND**

On June 20, 2008, the Court granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. 4). On April 22, 2011, following a jury trial that resulted in final judgment in favor of Defendants, Plaintiff appealed the final judgment. (Dkt. 123). The appeal was held in abeyance while the Court ruled on Plaintiff's motion for new trial. (Dkt. 127). Following the denial of Plaintiff's motion, Plaintiff refiled his notice of appeal. (Dkt. 129). Plaintiff then requested the Court transfer the original record of the proceedings pursuant to Rule 24(c) of the Federal Rules of Appellate Procedure, including transcripts. (Dkt. 131). While the Court was considering Plaintiff's transcript request, the Ninth Circuit Court of Appeals dismissed Plaintiff's Appeal.

1   In light of that dismissal and because Plaintiff did not comply with the relevant rules
2   regarding transcript requests, the Court denied Plaintiff's request for transcripts as moot.
3   (Dkt. 133). Thereafter, the Ninth Circuit Court of Appeals reinstated Plaintiff's appeal and
4   remanded the case to this Court for the limited purpose of permitting the Court to decide
5   whether or not to reconsider its earlier denial of transcripts at government expense. (Dkt.
6   136).

## II.   LEGAL STANDARD AND ANALYSIS

Pursuant to the Court of Appeals' Order, Plaintiff filed a renewed motion requesting transcripts at government expense. (Dkt. 137). In his Motion, Plaintiff requests the full transcripts of his trial, which occurred on March 22, 2011 and March 23, 2011.

Allowance of appeals in forma pauperis is governed by 28 U.S.C. § 1915(a), which provides that any court of the United States may authorize such an appeal, but that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). However, Plaintiff's pauper status does not automatically entitle Plaintiff to transcripts at government expense.

Furnishing transcripts at public expense is governed by 28 U.S.C. § 753(f), which provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original).[1] Section 753(f) is designed to prevent taxpayer dollars from being wasted on transcripts for use in baseless appeals.

Plaintiff must articulate some ground for appeal that requires a transcript before the Court will subject the government to that expense. When proceeding in forma pauperis, transcripts cannot be provided merely to allow Plaintiff to search for grounds for relief. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975) (per curiam). Rather, Plaintiff has

---

[1] Plaintiff's motion falls within the meaning of "other proceedings" that are contemplated by §753(f), which also describes the procedure for obtaining transcripts at the government's expense in the context of criminal or habeas proceedings. *See* 28 U.S.C. 753(f).

the burden of demonstrating nonfrivolity and substantiality of the claims. *See Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967). Therefore, the Court must examine whether the proposed appeal is not frivolous (but presents a substantial question).

The language in § 753(f) suggests that the inquiries of frivolity and substantiality are not identical. *Corgain v. Miller* states that a claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." 708 F.2d 1241, 1247 (7th Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." *In re Price*, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009) (internal citations omitted). Regardless, the statute mandates that Plaintiff's reasons for obtaining free transcripts be nonfrivolous, *and also* present a substantial question. Therefore, the Court must determine whether Plaintiff stated a nonfrivolous, substantial reason for obtaining the transcripts.

In his motion to obtain free transcripts, Plaintiff raises several issues, all of which were raised prior to entry of final judgment and again in his motion for new trial. Plaintiff challenges (1) Defendants' failure to disclose certain requested documents, (2) the alleged bias and prejudice of a particular juror against inmates, (3) the strike-and-replace method of jury selection, and (4) the jury's verdict against the weight of the evidence. Plaintiff also appeals the denial of Plaintiff's motion for a new trial. The Court finds that at least issues two and four, as well as the appeal of the Court's denial of the motion for new trial, are not frivolous, and present substantial questions that are properly considered on appeal.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that, Plaintiff/Appellant Willie D. Randle's Motion For Renewed Request of Transfer of Full Record on Appeal (Dkt. 137) is granted as follows:

Plaintiff may obtain the full transcript of his trial of March 22, 2011 and March 23, 2011 at government expense.

**IT IS FURTHER ORDERED** that, within 15 days of the date of this Order, Plaintiff shall comply with 9th Cir. R. 10-3.1(d) and file a transcript order in this Court, using this

1  Court's transcript designation form (attached).  Plaintiff shall provide a copy of this
2  designation form to the Court Reporter.[2]

3  **IT IS FINALLY ORDERED** that, in compliance with 9th Cir. R. 11-1.1, "[t]he
4  reporter's transcript must be filed with the district court within 30 days from the date the
5  Transcript Designation/Ordering Form is filed with the district court, pursuant to the
6  provisions of [Federal Rule of Appellate Procedure] 11(b) and in accordance with the
7  scheduling orders issued by the court for all appeals."

8  DATED this 23rd day of January, 2012.

James A. Teilborg
United States District Judge

---

[2] The Court Reporter for Plaintiff's trial was Ms. Gail Thomas, United States District Court Robert E. Coyle United States Courthouse, 2500 Tulare Street, Room 1501, Fresno, CA 93721-1318.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Transcript Designation and Ordering Form

U.S. Court of Appeals Case No. _____   U.S. District Court Case No. _____

Short Case Title _____

Date Notice of Appeal Filed by Clerk of District Court _____

**SECTION A** - To be completed by party ordering transcript

| HEARING DATE | COURT REPORTER | PROCEEDINGS (Please Specify) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(attach additional page for designations if necessary)

- ( ) I do not intend to designate any portion of the transcript and will notify all counsel of this intention.
- ( ) As retained counsel (or litigant proceeding in pro per), I request a copy of the transcript and guarantee payment to the reporter of the cost thereof upon demand. I further agree to pay for work done prior to cancellation of this order.
- ( ) As appointed counsel I certify that an appropriate order authorizing preparation of the transcript at the expense of the United States has been, or within 5 days hereof will be, obtained and delivered to the reporter. I agree to recommend payment for work done prior to cancellation of this order.

Date transcript ordered _____

Type or Print Name _____

Signature of Attorney _____   Phone Number _____

Address: _____

**SECTION B** - To be completed by court reporter

I, _____ have received this designation.
*(Signature of court reporter)*

- ( ) Arrangements for payment were made on _____
- ( ) Arrangements for payment have not been made pursuant to FRAP 10(b). _____

_____ Approximate Number of Pages in Transcript - Due Date _____

**SECTION C** - To be completed by court reporter

When the transcript is filed, complete this copy and submit it to the U.S. District Court with the completed transcript. District Court will not file the transcript without this completed form.

Date Transcript Filed _____   Court Reporter's Signature _____

**SECTION D**

U.S. DISTRICT COURT CLERK: I certify that the record is available in the office of the U.S. District Court.

_____   _____   BY: _____
*(U.S. District Court Clerk)*   *(date)*   DEPUTY CLERK